

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

MARLON PETTAWAY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 4:17cv66
Criminal No. 4:06cr98

## OPINION AND ORDER

This matter is before the Court on Marlon Pettaway's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 62. Petitioner's § 2255 motion advances one claim challenging the constitutionality of his sentence and one claim asserting that he is actually innocent of certain charges. For the reasons set forth below, Petitioner's § 2255 motion is **DISMISSED as untimely**, and is alternatively **DENIED** on the merits.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 29, 2007, at the conclusion of a bench trial in this Court, Petitioner was convicted of multiple felony offenses, including a narcotics trafficking conspiracy, a "continuing criminal enterprise," and various associated firearms offenses, including three convictions under 18 U.S.C. § 924(c). ECF No. 37. On April 25, 2007, Petitioner was

sentenced to a term of imprisonment of "Life, plus fifty-seven years."[1] Id. Petitioner filed a timely appeal, ECF No. 38, and on July 3, 2008, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions. United States v. Pettaway, 283 F. App'x 109, 110 (4th Cir. 2008). Petitioner did not file a petition for writ of certiorari, nor did he file a § 2255 motion in the wake of the Fourth Circuit's ruling.

On June 4, 2017, approximately nine years after the Fourth Circuit ruled on Petitioner's direct appeal, Petitioner filed the instant § 2255 motion.[2] Petitioner's motion alleges that his § 924(c) firearm in furtherance sentences are unconstitutional and that Petitioner is actually innocent of such offenses. ECF No. 62. The Government filed a response seeking dismissal of Petitioner's § 2255 motion, arguing both that Petitioner's motion is untimely and that it fails on the merits. ECF No. 64. Petitioner filed a reply brief reasserting the timeliness of his § 2255 motion based on Petitioner's purported "actual innocence" and because his § 2255 motion was filed within one year of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016).

---

[1] Petitioner was tried and sentenced by United States District Judge Jerome B. Friedman. Petitioner's case was reassigned to the undersigned judge after Judge Friedman retired from the bench.

[2] Petitioner's § 2255 motion attests that it was placed in the prison mail system on June 4, 2017.

2

## II. STANDARD OF REVIEW

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). To obtain § 2255 relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). To the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). Such "higher hurdle" applies because, once a Petitioner's opportunity to

pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 164-65. Accordingly, the doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal unless a petitioner can show: (1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which he complains." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

Congress and the President have established a one-year limitations period within which a petitioner must file a § 2255 motion. 28 U.S.C. § 2255(f). In most cases, the limitations period expires one year after the criminal judgment becomes final. Id.

### III. DISCUSSION

#### A. Timeliness of § 2255 motion

As indicated immediately above, a federal habeas petitioner is required to file a § 2255 motion within a one-year limitations period. Id. Such period begins running on the latest of the following four dates: (1) "the date on which the judgment of conviction becomes final"; (2) the date on which certain government-created impediments to filing are removed; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

4

<u>recognized</u> by the Supreme Court <u>and made retroactively applicable</u> to cases on collateral review"; or (4) the date on which facts supporting the claim could be discovered through due diligence. Id. (emphasis added). Alternatively, as recognized by the Supreme Court in McQuiggin v. Perkins, 569 U.S. 383, 399 (2013), a Petitioner advancing a "convincing" actual-innocence claim may invoke "the miscarriage of justice exception" to the limitations period set forth in § 2255(f).

Here, Petitioner's § 2255 motion was filed many years after his conviction and sentence became final, and Petitioner fails to allege a Government impediment to filing a § 2255 motion or any newly discovered facts. Accordingly, Petitioner's motion can only be considered timely if: (1) it is predicated on a right newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review; or (2) Petitioner makes a "convincing" showing of actual innocence.

As argued by the Government in its motion to dismiss, Petitioner fails to establish either that his § 2255 motion is predicated on a newly recognized retroactive right or that he is actually innocent. First, "Petitioner cannot rely on the holding in Mathis to overcome the limitations bar in section 2255(f)(3)" because Mathis did not establish a new retroactive rule. Haley v. United States, No. 2:12cr149, 2017 WL 2297022, at *3-*4 (E.D. Va. May 24, 2017) (citing cases). Second, "even

5

if Mathis stated a new rule that was retroactively applicable" to § 2255 cases, its holding clearly does not apply to Petitioner's case because the "the issue before the Supreme Court, in Mathis, pertained to the [classification of prior felonies under the] Armed Career Criminal Act ("ACCA")," and here, Petitioner was not sentenced under the ACCA (nor was his sentence enhanced under the Guideline "career offender" provisions).³ Id. Third, Petitioner's citations to Lynch v. Dimaya, 137 S. Ct. 31 (2016) and Dean v. United States, 137 S. Ct. 1170 (2017) are misplaced, as neither case addresses an issue that can render Petitioner's motion timely.⁴ Fourth, Petitioner's citation to Rosemond v. United States, 134 S. Ct. 1240 (2014) fails to demonstrate that he is actually innocent of the § 924(c) offenses. Importantly, even assuming that Petitioner's three-year delay in raising a Rosemond claim is somehow excusable, the case-specific facts demonstrate

---

³ Each of Petitioner's § 924(c) convictions was predicated on a firearm possessed in furtherance of drug trafficking crimes, not a "crime of violence." 18 U.S.C. § 924(c).

⁴ Lynch v. Dimaya, later renamed Sessions v. Dimaya, has yet to be decided by the Supreme Court; moreover, the issue in Dimaya is not relevant to Petitioner's convictions or sentence. As for Dean, Petitioner fails to demonstrate that such case applies retroactively. See United States v. Taylor, No. 7:12cr43, 2017 WL 3381369, at *4 (W.D. Va. Aug. 4, 2017) (citing cases holding that Dean does not apply retroactively to § 2255 proceedings). Moreover, even if Dean were retroactive, Petitioner fails to establish that such case entitles him to relief as he fails to highlight any evidence suggesting that Petitioner's sentencing judge misconstrued his discretion in a manner that violated the rule of law clarified by the Supreme Court in Dean.

6

Rosemond's inapplicability to the instant matter.[5] For all of these reasons, Petitioner's § 2255 motion is dismissed as untimely.

## B. Merits

Alternatively, even assuming that Petitioner's § 2255 motion was timely filed, and further assuming that the claims contained therein were deemed procedurally proper in light of intervening Supreme Court precedent, Petitioner's motion would be denied on the merits. As to Ground One, for the same reasons discussed above, Petitioner's § 924(c) convictions and sentences remain constitutionally proper under current law. The case law cited by Petitioner is simply not applicable to Petitioner's § 924(c) convictions and/or sentences because Petitioner was not sentenced under the ACCA, was not sentenced as a "career offender" under the Guidelines" (rendering the "enumerated felony" analysis in Mathis irrelevant to Petitioner's case), and Petitioner's sentence was not otherwise increased based on the statutory or Guideline definitions of "violent felony," or "crime of violence."[6]

---

[5] Rosemond involved an analysis of the elements necessary to prove a § 924(c) offense when the firearm in question is possessed by a co-conspirator; here, as discussed in greater detail below, the record evidence demonstrates that Petitioner's convictions were predicated on his own personal possession of multiple firearms in furtherance of drug trafficking activities.

[6] To the extent Petitioner seeks to rely on Dean to challenge his sentence, while that case clarified a sentencing judge's

As to Ground Two, Petitioner fails to make a convincing showing that he is "innocent" of any § 924(c) charges in this case pursuant to Rosemond, or any other rule of law. While Petitioner properly cites Rosemond as defining the burden on the Government in circumstances where a § 924(c) conviction is predicated on a <u>co-conspirator's possession of a firearm</u>, here, a review of Petitioner's Presentence Investigation Report ("PSR"), as well as portions of the trial transcript, demonstrates that Petitioner's § 924(c) convictions were based on <u>Petitioner's own personal firearm possession and brandishing</u>, rendering Rosemond facially inapplicable to this case. See, e.g., PSR ¶¶ 35, 36, 48, 54, 56, 63, 66, 76. Accordingly, both of Petitioner's claims alternatively fail on the merits.

## IV. CONCLUSION

For the forgoing reasons, Petitioner's § 2255 motion is **DISMISSED** as untimely, and it is alternatively **DENIED** on the merits. Finding that the procedural basis for dismissal of Petitioner's § 2255 motion is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion is **DENIED**. 28

---

authority/discretion to consider the length of a § 924(c) mandatory consecutive sentence when imposing a sentence on other counts of conviction, Petitioner fails to demonstrate that the sentencing judge in his case was operating under a misconception regarding the breadth of the Court's sentencing discretion.

U.S.C. § 2253(c)(2); see R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must do so **within sixty (60) days** from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 3, 2018